**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIANA MONTOYA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-01869-RWS |
| BRANCH BANKING & TRUST | : | |
| COMPANY AND MORTGAGE | : | |
| ELECTRONIC REGISTRATION | : | |
| SYSTEMS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>ORDER</u>**

This case comes before the Court on Defendants' Motion to Dismiss

Plaintiff's "Quiet Title Action Verified Complaint" (the "Complaint")

(Defendants' "Motion to Dismiss") [5]; Defendants' Motion to Dismiss

Plaintiff's "Misrepresentation of Material Fact, False Claim of Right,

Foreclosure Estoppel, 42 USC 1983 Conspiracy to Violate Rights, Violation

Oath of Office Remedy" (the "Amended Complaint")[1] (Defendants' "Motion to

---

[1] The Court, like Defendants, construes Plaintiff's "Misrepresentation of
Material Fact, False Claim of Right, Foreclosure Estoppel, 42 USC 1983 Conspiracy
to Violate Rights, Violation Oath of Office Remedy" [10] to be an Amended

Dismiss the Amended Complaint"), or, Alternatively, Motion for More Definite Statement [14]; and, finally, Plaintiff's Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property, and Eviction, Imposition of Injunctive Relief Barring the Sale of the Real Property by Defendants ("Motion for Temporary Restraining Order") [12].  After a review of the record, the Court enters the following Order.

## Background

This case arises out of the foreclosure of Plaintiff Diana Montoya's home.  In February 2009, Plaintiff executed a promissory note (the "Note") in favor of Liberty Mortgage Corporation (the "Lender") in connection with the purchase of her home.  Compl., Dkt. [1] at 14 of 84.  To secure her repayment of the Note, Plaintiff executed a security deed (the "Security Deed"), which granted title to her home in favor of Defendant Mortgage Electronic Registration System ("MERS") as grantee and nominee for the Lender.  Id. at 14-15, 19 of 84; id. Ex. A, at 29 of 84.  In 2011, Defendant MERS executed an assignment (the "Assignment") that transferred its rights and powers under the Security Deed to Defendant Branch Bank & Trust Company ("BB&T").  Defs.' Mot. to Dismiss Ex. B, Dkt. [5-1] at 34 of 39.

─────────────────────

Complaint.

In September 2010, Plaintiff stopped making payments on her Note. Compl., Dkt. [1] at 15 of 84.  Plaintiff then submitted to Defendant BB&T a "Loss Mitigation Package," seeking to modify the terms of her loan repayment. Id.  In January 2011, however, Defendant BB&T denied Plaintiff's request, informing Plaintiff that her income level was too low to qualify for a loan modification.  Id.  Defendant BB&T then informed Plaintiff that her Note was in default due to nonpayment and that her loan had been referred to an attorney for foreclosure proceedings.  Id.

On April 26, 2011, Plaintiff filed the Complaint [1], originally in the Superior Court of Cobb County, seeking to prevent the foreclosure sale then scheduled for May 3, 2011.  Although the Complaint is difficult to decipher, it appears that Plaintiff has alleged the following claims: (1) that Defendants clouded Plaintiff's title, giving rise to a cause of action for quiet title; (2) that there was no valid assignment of the Lender's rights under the Security Deed to Defendants; (3) that "splitting" the Note from the Security Deed rendered foreclosure impossible; (4) that neither Defendant had authority to foreclose without producing the original Note; (5) that securitizing the Note discharged Plaintiff's debt; and (6) that Defendants violated the Truth in Lending Act.  The

3

Complaint seeks monetary damages as well as injunctive relief.  Id. at 24-25 of 84.

On the same day as she filed the Complaint in the Superior Court, Plaintiff filed a motion for temporary restraining order to enjoin Defendants' foreclosure.  On May 2, the Superior Court granted Plaintiff's motion on the condition that Plaintiff tender $9,000.00 into the registry of the court on or before 10:00 AM on the following day, May 3.  Sup. Ct. Order, Dkt. [1] at 72 of 84.  Plaintiff did not tender the ordered amount, and the foreclosure sale appears to have proceeded as scheduled.

Defendants timely removed the case to this Court on June 7, 2011.  On June 14, Defendants filed their Motion to Dismiss [5] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  On July 5, Plaintiff filed both a Response to Motion to Dismiss [9] and an Amended Complaint [10].  On July 15, Plaintiff filed her Motion for Temporary Restraining Order [12], seeking to stay the foreclosure sale and eviction.  On July 18, Defendants filed their Motion to Dismiss the Amended Complaint [14], also pursuant to Rule 12(b)(6).  Plaintiff did not file a

4

response,[2] and thus Defendants' latter Motion is deemed unopposed.  The Court

considers Defendants' and Plaintiff's Motions in turn.

### Discussion

### I.      Defendants' Motions to Dismiss [5], [14]

A.      <u>Legal Standard</u>

When considering a 12(b)(6) motion to dismiss, a federal court is to

accept as true "all facts set forth in the plaintiff's complaint."  <u>Grossman v.

Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

Further, the court must draw all reasonable inferences in the light most

favorable to the plaintiff.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56

(2007) (internal citations omitted); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d

1271, 1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting

---

[2]After Defendants filed their Motion to Dismiss the Amended Complaint [14],
Plaintiff filed a document entitled "Plaintiff's Objection to Motion to Dismiss and
Brief in Support on Behalf of Defendant Cousel [sic] McCalla Raymer of Branch
Bank and Trust Company, and MERS et al; Plaintiff's Formal Request to Take
Judicial Notice and Brief in Support of Plaintiff's Objection" [16].  This document,
however, only addresses arguments raised in Defendants' Motion to Dismiss [5] and is
not responsive to the arguments raised in Defendants' Motion to Dismiss the
Amended Complaint [14].  The Court thus construes it as a second opposition to the
original Motion to Dismiss.

<u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Twombly</u>, 127 U.S. at 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  <u>Id.</u> at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  <u>Id.</u>

Additionally, because Plaintiff is acting <u>pro se</u>, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."  <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

The Court considers in turn each of the claims raised in the Complaint and the Amended Complaint.  Although both are difficult to decipher, it appears that Plaintiff alleges the following: (1) that Defendants have clouded Plaintiff's title, giving rise to a cause of action for quiet title; (2) that there was no valid assignment of the Lender's rights under the Security Deed to Defendant BB&T; (3) that "splitting" the Note from the Security Deed rendered foreclosure impossible; (4) that neither Defendant had authority to foreclose without producing the original Note; (5) that securitizing the Note discharged Plaintiff's debt; (6) that Defendants violated the Truth in Lending Act; and (9) that the Lender's use of "vapor money" rendered the Security Deed to Plaintiff's property unenforceable.  The first seven claims are raised in the Complaint [1], and the "vapor money" claim is raised in the Amended Complaint [10]. Because Plaintiff does not oppose Defendants' Motion to Dismiss the Amended Complaint, which identifies the "vapor money" claim as the only one raised in the Amended Complaint, the Court proceeds on the basis that it is indeed the only claim asserted in the Amended Complaint.  The Court addresses each claim below, considering first Defendants' Motion to Dismiss [5] and then turning to their Motion to Dismiss the Amended Complaint [14].

7

B.    Defendants' Motion to Dismiss [5]

1.    *Quiet Title*

First, Plaintiff alleges in the original Complaint that Defendants have

clouded title to her home and petitions this Court for quiet title relief.  Compl.,

Dkt. [1] at 17 of 84.  Plaintiff supports this claim with allegations that neither

Defendant had standing to initiate foreclosure proceedings under either the Note

or the Security Deed.  Id. at 17-18 of 84.  Defendants argue that Plaintiff's

pleading is deficient because it fails to satisfy the statutory requirements for a

quiet title action under Georgia law.  Defs.' Mot. to Dismiss, Dkt. [5-1] at 11 of

39.

The Georgia Quiet Title Act, O.C.G.A. § 23-3-60 et seq., provides

specific procedural prerequisites to pleading a quiet title action:

> With the petition [to quiet title] there shall be filed (1) a plat of
> survey of the land, (2) a copy of the immediate instrument or
> instruments, if any, upon which the petitioner's interest is based,
> and (3) a copy of the immediate instrument or instruments of
> record or otherwise known to the petitioner, if any, upon which
> any person might base an interest in the land adverse to the
> petitioner.

O.C.G.A. § 23-3-62(c) (2011); see also GHG, Inc. v. Bryan, 566 S.E.2d 662,

662 (Ga. 2002) ("A petition [to quiet title] is subject to dismissal only when on

8

the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-62.").

The Court agrees with Defendants that Plaintiff has failed to properly plead a claim for quiet title relief under Georgia law because Plaintiff failed to attach to the Complaint a plat of survey of the land, as required by the statute. See Joseph v. CitiMortgage, No. 1:11-CV-2768-TWT, 2011 WL 5156817, at *2 (N.D. Ga. Oct. 27, 2011) (dismissing quiet title action for plaintiff's failure to file plat of survey of the land); Mann v. Blalock, 690 S.E.2d 375, 376 (Ga. 2010) (holding quiet title action legally defective for plaintiff's failure to file plat of survey).  Plaintiff's claim for quiet title thus fails as a matter of law.

2.      *Invalid Assignment of the Security Deed*

Second, Plaintiff alleges in the original Complaint that Defendant BB&T did not have authority to foreclose upon her home because the Lender never assigned the Security Deed to Defendant BB&T.  Compl., Dkt. [1] at 17, 19 of 84.  While recognizing that "[t]he beneficiary under the Plaintiff's Security Deed is MERS," Plaintiff nonetheless alleges that Defendant MERS never had the right to foreclose or the power to assign that right to Defendant BB&T.  Id. at 19-20 of 84.  Defendants argue that the Security Deed explicitly grants the right to foreclose and that Defendant MERS properly exercised its authority

under the Security Deed to assign that right to Defendant BB&T.  Defs.' Mot.

to Dismiss, Dkt. [5-1] at 9-10 of 39.

After reviewing the Security Deed and the Assignment,[3] the Court finds

that the Security Deed granted Defendant MERS and its assigns "the right to

foreclose and sell the Property."  Compl. Ex. A, Dkt. [1] at 29 of 84.  By virtue

of the Assignment, Defendant MERS transferred its "rights, title and interest"

under the Security Deed to Defendant BB&T, "together with all the powers,

options, privileges and immunities therein contained."  Defs.' Mot. to Dismiss

Ex. B, Dkt. [5-1] at 34 of 39.  Thus, the plain language of the documents on

record demonstrates that Defendant BB&T had the authority to initiate

foreclosure proceedings against Plaintiff's home.  In any event, a mortgagee's

assignee has the right to foreclose as a matter of law.  O.C.G.A. § 23-2-114

("Unless the instrument creating the power specifically provides to the contrary,

---

[3] The Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . .  Public records are among the permissible facts that a district court may consider.") (citations omitted).  Although Plaintiff asserts in opposition to Defendants' Motion to Dismiss that the Assignment is a forgery, the Court notes that she lacks standing to challenge the Assignment because she is a stranger to it.  Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("Appellants are strangers to the assignment contract . . . and thus have no standing to challenge its validity.").  The Court thus takes judicial notice of the Assignment.

a personal representative, heir, heirs, legatee, devisee, or successor of the grantee in a mortgage, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, or an assignee thereof, or his personal representative, heir, heirs, legatee, devisee, or successor may exercise any power therein contained . . . ."); see also Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) (holding that assignee of mortgagee has right to foreclose as matter of law). Accordingly, Plaintiff's claim that the Assignment did not give Defendant BB&T the right to foreclose fails as a matter of law.

### 3.   *Splitting of the Note*

Third, Plaintiff alleges in the original Complaint that Defendants did not have the authority to foreclose because the Note and Security Deed have been "split." Compl., Dkt. [1] at 21 of 84.  Plaintiff alleges that Defendant MERS only had an interest in the Security Deed–not the Note. Id. at 9.  Thus, according to Plaintiff, even if Defendant MERS had assigned the Security Deed to Defendant BB&T, this would not have assigned the right to collect the debt under the Note.  Id.  Defendant moves to dismiss on the ground that Georgia law does not require a foreclosing party to possess both the Note and the Security Deed.  Defs.' Mot. to Dismiss, Dkt. [5-1] at 16-17 of 39.

11

The Court agrees with Defendants that Plaintiff's "splitting of the note" theory fails to state a claim under Georgia law.  Courts, including this one, have routinely rejected this "splitting of the note" theory.  See Kabir v. Statebridge Co., No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. Sept. 27, 2011) ("[T]he Court is unaware of any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note."); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. Jan. 18, 2011); Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010) ("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage").  Therefore, any and all claims arising out of the Note and Security Deed being "split" fail as a matter of law.

### 4.    *Produce the Note*

Fourth, Plaintiff alleges in the original Complaint that neither Defendant had standing to foreclose upon the Security Deed because neither was in possession of the original Note.  Compl., Dkt. [1] at 18 of 84; Dkt. [9] at 3, 18 of 23.  Plaintiff thus requests this Court to order Defendants to provide proof of

12

their authority to foreclose upon Plaintiff's property by submitting the Note for inspection.  Id. at 17 of 84; Dkt. [9] at 18 of 22.  Defendants move to dismiss on the basis that Georgia law does not require a foreclosing party to prove its possession of the original Note.  Defs.' Mot. to Dismiss, Dkt. [5-1] at 17-18 of 39.

The Court agrees that Plaintiff's "produce the note" theory is unavailing under Georgia law.  Georgia law does not require a lender to produce the original promissory note, even when the lender is taking affirmative action such as commencing foreclosure proceedings.  See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) ("[N]othing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note).  Accordingly, any and all claims arising out of Defendants' alleged failure to produce the Note fail as a matter of law.

5.   *Securitization of the Loan*

Fifth, Plaintiff alleges in the original Complaint that her loan was securitized, and that this relieved her obligation to repay the loan.  Compl., Dkt.

13

[1] at 18 of 84.  Specifically, Plaintiff alleges that "[i]n the event of default, the [shareholders holding the security] write off the debt and receives [sic] tax credit for the write off.  Therefore, the debt is discharged."  Id.  Defendants argue that Plaintiff's bare allegation of securitization, without more, fails to assert a violation of law that satisfies federal pleading standards.  Defs.' Mot. to Dismiss, Dkt. [5-1] at 15 of 39.

Accepting as true Plaintiff's allegation regarding securitization, the Court is unaware of any legal authority – and Plaintiff points to none – that supports the proposition that the securitization of a debt relieves the debtor of her obligation to repay.  Cf. Searcy v. EMC Mortg. Corp., No. 1:10-CV-0965-WBH, slip op. at 2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.").  The Court thus finds that Plaintiff's allegation regarding securitization fails to state a claim for relief.

AO 72A
(Rev.8/82)

6.      *Truth in Lending Act (TILA)*

Sixth, Plaintiff appears to allege in the original Complaint that

Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.,

and corresponding Regulation Z, 12 C.F.R. § 226 et seq.  Although the TILA

claim is difficult to decipher, it appears that Plaintiff uses TILA to support her

allegation that Defendant MERS lacked standing either to foreclose on her

property or to assign its rights under the Security Deed.  Compl., Dkt. [1] at 17-

18 of 84.  Specifically, Plaintiff alleges:

> MERS is not a servicer and is not a real party of interest.  Under
> CFR Title 12: Banks and Banking PART 226–TRUTH IN
> LENDING (REGULATION Z), a servicer does not have the rights
> of a Lender.
>
> ...
>
> A servicer of a promissory note does not have the rights of a holder
> in due course and is not a real and beneficial party of interest under
> U.S. Code Title 12: Part 226 (a) 1 - Truth in Lending (Regulation
> Z).
>
> ...
>
> If the Defendant alleges that they have reacquired the promissory
> note for the purposes of foreclosure, then the Defendant is bringing
> fraud before the court per CFR Title 12: Part 226 (a) 1.

Id. at 17-18 of 84.

15

Defendants first contend that it is far from clear from the Complaint that Plaintiff is actually asserting a claim under TILA.  Defs.' Mot. to Dismiss, Dkt. [5-1] at 13 of 39.  To the extent she seeks to raise a claim under TILA, however, Defendants argue that any such claim must fail as a matter of law.  Id. at 13-14 of 39.  First, Defendants argue that any claim for damages under TILA is barred by TILA's one (1) year statute of limitations.  Id.  Second, any claim for rescission of Plaintiff's mortgage loan would also fail, as TILA's three (3) year right of rescission does not apply to residential mortgage transactions.  Id.

The Court agrees that Plaintiff's allegations fail to state a claim under TILA.  TILA imposes upon lenders numerous disclosure obligations regarding the terms of a loan, while giving borrowers private rights of action for damages and for rescission.  See 15 U.S.C. §§ 1635, 1638(b)(1) & (2), 1640 (2011).  In this case, Plaintiff has not alleged any specific acts by either Defendant in violation of TILA.  Even if Plaintiff had asserted a specific violation, the Court agrees with Defendants that any claim for damages would be time-barred by TILA's one year statute of limitations, 15 U.S.C. § 1640(e):  Plaintiff's mortgage closed in February 2009.  Compl., Dkt. [1] at 14 of 84.  Because the present action was not filed until April 2011, any claim for damages arising out of any nondisclosure on the part of Defendants must be dismissed.  See Frazile

AO 72A
(Rev.8/82)

v. EMC Mortg. Corp., 382 F. App'x 833, 838 (11th Cir. 2010) ("[A] TILA nondisclosure 'violation "occurs"' . . . at the time of closing of a residential mortgage transaction.") (citation omitted).

Furthermore, to the extent Plaintiff seeks rescission of her mortgage loan, such relief is not available with respect to residential mortgages. Frazile, 382 F. App'x at 837 ("TILA exempts from the right of rescission residential mortgage transactions 'to finance the acquisition of such dwelling.'") (citation omitted); Lane v. Wells Fargo Home Mortg., No. 1:10-CV-2385-RWS, 2010 WL 5087855, at *3 (N.D. Ga. Dec. 7, 2010) ("[W]hile TILA allows for the remedy of rescission, this remedy 'does not apply to . . . a residential mortgage transaction.'" (quoting 15 U.S.C. § 1635(e)(1))).  Thus, Plaintiff's TILA claims fail as a matter of law.

      C.    <u>Defendants' Motion to Dismiss the Amended Complaint [14]</u>

           1.    *Vapor Money*

Finally, in the Amended Complaint, Plaintiff asserts several claims arising out of the Lender's alleged use of "vapor money" to fund Plaintiff's mortgage loan.   Plaintiff's theory appears to be that the Lender did not loan Plaintiff "real" money but money "created" through bookkeeping procedures. Am. Compl., Dkt. [10] at 6, 18 of 27.  On this theory, Plaintiff argues (1) that

the Lender breached its contract to loan her "real" money, (2) that Defendants'
foreclosure after Plaintiff defaulted on her loan was thereby fraudulent, (3) that
the Cobb County Sheriff conspired with Defendants to violate Plaintiff's
constitutional rights, and (4) that the Sheriff committed "administrative
plunder" and "official oppression" by participating in Defendants' foreclosure
sale. Id. at 6-14 of 27.

Defendants argue that Plaintiff's Amended Complaint utterly fails to
satisfy the pleading standards of Twombly and Iqbal, leaving Defendants "at a
loss as to the legal and factual basis underlying any of the purported claims
contained in the Amended Complaint." Defs.' Mot. to Dismiss Am. Compl.,
Dkt. [14-1] at 5-6. Furthermore, Defendants argue that the "vapor money"
theory is frivolous and has been uniformly rejected by Courts that have
considered it. Id. at 6-7.

The Court agrees with Defendants that Plaintiff's Amended Complaint
fails to state a claim upon which relief can be granted. This Court has
previously held the "vapor money" theory to be frivolous, and courts across the
country have rejected it uniformly. Thomas v. Countrywide Home Loans, No.
2:09-CV-00082-RWS, 2010 WL 1328644, at *1 (N.D. Ga. March 29, 2010);
see also McLehan v. Mortg. Elec. Registration Sys., No. 08-12565, 2009 WL

AO 72A
(Rev.8/82)

1542929, at *2 (E.D. Mich. June 2, 2009) ("The vapor money theory, however, and similar arguments have been rejected by federal courts across the country.") (internal quotations and citations omitted); <u>Demmler v. Bank One NA</u>, No. 2:05-CV-322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) (finding "vapor money" theory to be a "patently ludicrous argument"). Accordingly, the claims in the Amended Complaint–predicated on this theory–fail as a matter of law.

In sum, the Court finds that Plaintiff has failed to state a claim for relief in either her original Complaint [1] or Amended Complaint [10]. Accordingly, Defendants' Motion to Dismiss [5] and Motion to Dismiss the Amended Complaint [14] are hereby **GRANTED**.

## II.    Plaintiff's Motion for Temporary Restraining Order [12]

Plaintiff requests this Court to enter a preliminary injunction restraining Defendants from conducting a foreclosure sale and evicting her from the property.[4] Dkt. [12] at 1 of 6. To obtain a preliminary injunction, Plaintiff must demonstrate:

---

[4] To the extent that Plaintiff seeks to enjoin the foreclosure sale, the Court finds Plaintiff's Motion to be moot as the foreclosure sale has already occurred. Am. Compl., Dkt. [10] at 11 of 27; Defs.' Resp. in Opp. to Mot. for Temp. Restraining Order, Dkt. [15] at 2 of 12.

19

(1) a substantial likelihood of success on the merits of the
underlying case, (2) the movant will suffer irreparable harm in the
absence of an injunction, (3) the harm suffered by the movant in
the absence of an injunction would exceed the harm suffered by the
opposing party if the injunction issued, and (4) an injunction would
not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242,

1246-47 (11th Cir. 2002).

Because Plaintiff has failed to state any claim for relief in either the

original Complaint [1] or Amended Complaint [10], she is unable to show a

substantial likelihood of success on the merits of any claim.  Thus, Plaintiff's

Motion for a Temporary Restraining Order [12] is hereby **DENIED**.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's "Quiet

Title Action Verified Complaint" ("Motion to Dismiss") **[5]** is hereby

**GRANTED**.  Defendants' Motion to Dismiss Plaintiff's "Misrepresentation of

Material Fact, False Claim of Right, Foreclosure Estoppel, 42 USC 1983

Conspiracy to Violate Rights, Violation Oath of Office Remedy" ("Motion to

Dismiss the 'Amended Complaint'") **[14]** is also **GRANTED**.  Defendants'

Alternative Motion for More Definite Statement **[14]** is **DENIED as moot**.

Plaintiff's Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property, and Eviction, Imposition of Injunctive Relief Barring the Sale of the Real Property by Defendants **[12]** is **DENIED**. The Clerk is directed to close the case.

**SO ORDERED**, this  9th  day of March, 2012.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)